UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBORAH MARTIN

CIVIL ACTION

VERSUS

PINNACLE ENTERTAINMENT, INC.
ET AL.

NO.: 16-00837-BAJ-EWD

RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 21)** filed by Defendants, PNK (Baton Rouge) Partnership and Pinnacle Entertainment, Inc. seeking the dismissal of all claims brought by Plaintiff, Deborah Martin pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff filed an Opposition. (Doc. 27). Defendants then filed a Reply. (Doc. 30). Subsequently, Plaintiff filed a Sur-Reply. (Doc. 33). The Court has jurisdiction under 28 U.S.C. § 1332. For the following reasons, the **Motion for Summary Judgment (Doc. 21)** is GRANTED.

I. BACKGROUND

On May 25, 2016, Plaintiff was exiting the Bon Temps Buffet ("Buffet") at L'Auberge Casino & Hotel Baton Rouge ("L'Auberge")[1] when she slipped on water on the floor, which she described, not as a puddle, "but [] more of a square" in shape, and approximately 60% of the length of a driver's license. (Doc. 21-1 at ¶ 1; Doc. 21-2 at

---

[1] L'Auberge Casino & Hotel Baton Rouge is owned by PNK (Baton Rouge) Partnership. Pinnacle Entertainment, Inc., is the parent company of PNK (Baton Rouge) Partnership.

1

p. 44). Plaintiff did not notice the water until after her fall, and observed the water for the first time while on the ground. (Doc. 21-1 at ¶¶ 2–4; Doc. 21-2 at pp. 41, 51, 55). Video surveillance ("the video") establishes that no water or any other liquid/substance was spilled or dropped at least 19 minutes prior to Plaintiff's fall. (Doc. 26 at 21:00–21:19). The video further establishes that, without incident, exactly 37 patrons and/or employees passed through and over the exact area in the exit lane where Plaintiff fell. (*Id.*). In the moments after Plaintiff's fall, Defendants' employees placed a yellow "Wet Floor" sign near the area, and used a white towel to wipe the floor in the exact location where Plaintiff's foot is shown to slip. (*Id.* at 21:20, 21:23).

Plaintiff filed her Petition in state court on November 7, 2016, which was removed to federal court on December 12, 2016. (Doc. 1). Plaintiff alleges that Defendants are liable under Louisiana's Merchant Liability Statute, La. Rev. Stat. 9:2800.6, for damages caused by her slip and fall, which occurred on Defendants' premises. (*Id*).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted).

In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) (citing *Brothers v. Klevenhagen*, 28 F.3d 452, 455 (5th Cir. 1994)). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III. DISCUSSION

### A. Merchant Liability Under Louisiana Law

Defendants argue that Plaintiff has no evidence that anyone employed at L'Auberge had either actual or constructive notice of an unreasonably dangerous condition. (Doc. 21-5 at p. 3). Defendants further argue that Beth Lafleur ("Lafleur"), the Assistant Manager of the Buffet, was on duty on the date of Plaintiff's fall and that the first notice that anyone from L'Auberge had of an issue with the exit lane was after Plaintiff's fall, which is evidenced by the numerous people (37 to be exact) able to safely exit the Buffet in the 19 minutes leading up to the fall—including three people within the minute preceding the fall, without incident, and that no one spilled any substance on the floor. (*Id.*; Doc. 26 at 21:00–21:19).

Plaintiff argues that Defendants had constructive notice of the condition because such "notice is imputed to defendants due to the fact that the liquid hazard persisted on the floor . . . for at least 19 minutes prior to" the fall. (Doc. 27 at p. 1). Plaintiff further argues that Defendants' own manager, LaFleur, testified that neither she nor her subordinates performed any visual sweeps or physical sweeps of the exit lane at least 30 minutes to two hours before Plaintiff's fall. (Doc. 33).

In order to establish merchant liability for a slip and fall in Louisiana, a claimant must prove, *inter alia*, that:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable[;] (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence[; and] (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or

4

safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Derousselle v. Wal-Mart Louisiana, L.L.C.*, 701 F. App'x 349, 350 (5th Cir. 2017) (quoting La. R.S. § 9:2800.6(B)). Defendants' motion for summary judgment turns on the second requirement of § 9:2800.6(B): that the merchant either create the condition or have constructive or actual knowledge of the condition. (Doc. 21-5 at pp. 5–6). To demonstrate constructive notice, a claimant must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." § 9:2800.6(C)(1). "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.*

The Louisiana Supreme Court has held that a claimant relying on the constructive notice element of § 9:2800.6(B)(2) "must come forward with *positive evidence* showing that the damage-causing condition existed for *some period of time*, and that such time was sufficient to place the merchant defendant on notice of its existence." *Derousselle,* 701 F. App'x at 350 (quoting *White v. Wal-Mart Stores, Inc.,* 699 So.2d 1081, 1082 (La. 1997)). "Though there is no bright line time period . . . [a] claimant who simply shows that the condition existed" without also showing "that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *White,* 699 So.2d at 1084. The United States Court of Appeals for the Fifth Circuit has echoed this requirement in upholding summary judgment in favor of Louisiana merchants. *Cates v. Dillard*

*Dep't Stores, Inc.*, 624 F.3d 695, 697 (5th Cir. 2010); *see Duncan v. Wal-Mart La., L.L.C.* 863 F.3d 406 (5th Cir. 2017).

Here, Plaintiff alleges that the surveillance video proves that the hazard existed at least 19 minutes prior to the incident, which she argues is sufficient to establish the notice requirement. However, the Court notes the following: First, the video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor. Second, the video does not show someone or something creating the wet substance. Third, the video does not show the 37 other patrons slipping or avoiding the area. Fourth, the video shows no one making a failed attempt to clean or secure the area prior to Plaintiff's fall.

Plaintiff asks the Court to draw a series of impermissible inferences unsupported by the evidence in the record. *See e.g., Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) ("Mere speculation or suggestion is not sufficient to meet this burden, and courts will not infer constructive notice for purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario."). *See also Taylor v. Wal-Mart Stores, Inc.*, 464 F. App'x 337, 338–39 (5th Cir. 2012) (Plaintiff failed to establish notice, an essential element of her claim, where security camera footage showing a particular area of a store, which captured a time period of one hour prior to the fall, did not show any liquid on the floor, but did show

numerous other individuals passing through the area without incident.); *Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383, 386 (5th Cir. 2014).

Furthermore, in Plaintiff's deposition, she repeatedly explained that she did not know the source of the water or how the water got onto the floor. (Doc. 21-2 at pp. 41–42, 51, 55). She testified that she did not notice the water until after she was on the ground, at which point she determined that the water was not a puddle, "but [] more of a square" in shape, and approximately 60% of the length of a driver's license. (*Id.* at pp. 41, 44). Additionally, Plaintiff has presented no evidence that any L'Auberge employee had knowledge that water was on the floor prior to her fall, and she testified that she did not know whether anyone informed any employee of same. (*Id.* at p. 55).

Lastly, no one at the Buffet told Plaintiff that they knew there was water in that area before she fell, and she did not know when the water got on the floor. (*Id.* at p. 51). Thus, the Court finds that without any "positive evidence" that Defendants "created or had actual or constructive notice of the condition which caused the damage," as § 9:2800.6(B)(2) requires, Plaintiff cannot maintain her merchant-liability claim. *Duncan*, 863 F.3d at 410 (quoting *White*, 699 So.2d at 1082); *accord Williamson v. Wal–Mart Stores, Inc.*, 48,576 (La. App. 2 Cir. 1/8/14), 130 So.3d 478, 482 ("Failure to prove any of the requirements enumerated in La. R.S. [§] 9:2800.6 will prove fatal to the plaintiff's case.").

Given the ambiguous nature of the video and deposition testimony, Plaintiff failed to establish a material fact issue concerning this necessary element of her

claim. *Bagley*, 492 F.3d at 331 (requiring some proof of the "the origin or nature of the liquid to imply a necessary passage of time"); *Demouy v. Sam's Wholesale, Inc.*, 2010-2295 (La.App. 1 Cir. 6/10/11) (unpublished) (affirming the district court's grant of summary judgment when a surveillance video did not reveal the hazard). Therefore, the Court finds that Plaintiff has failed to produce evidence showing that the Defendants had actual or constructive notice of the water on the floor or any evidence showing when or how the water was spilled. *See e.g., Derousselle*, 701 F. App'x at 350 (citing La. R.S. § 9:2800.6(B) and (C)).

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment** **(Doc. 21)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims brought by Plaintiff, Deborah Martin against Defendants, PNK (Baton Rouge) Partnership and Pinnacle Entertainment, Inc. are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the **Motion for Oral Argument** **(Doc. 34)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 21st day of May, 2018.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

8